George Cavenar v. The State.

No. 7857.  Decided December 12, 1923.

Rehearing denied June 11, 1924.

**1.—Manufacturing Intoxicating Liquor—Evidence—Declarations of Third Parties.**

Where, upon trial of manufacturing intoxicating liquor, the State was permitted to introduce testimony as to a statement made by one of defendant's sons some little time after the defendant had gone away from the still, and not in the presence of defendant, the same was hearsay and not binding upon him.

**2.—Same—Bills of Exception—Question and Answer Form.**

Where many of the bills of exception reserved by appellant were in question and answer form, they cannot be considered on appeal.

**3.—Same—Evidence—Practice on Appeal.**

Where appellant complained of the introduction of various statements made by the witnesses for the State upon redirect examination, because they were admissible as supporting prior consistent statements made by said witnesses, the same need not be discussed, as they will not likely occur upon another trial.

**4.—Same—Rehearing—Hearsay—Conspiracy.**

Where appellant denied his guilt, the declaration of his son out of the presence of the defendant was inadmissible in the absence of proof of a conspiracy, and this was reversible error.

Appeal from the District Court of Robertson. Tried below before the Honorable W. C. Davis.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*H. A. Bush* and *Frank A. Wood,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Robertson County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

From the record we learn that appellant had but recently moved upon the premises occupied by him and on which was discovered a still. Appellant's two sons were in the process of moving their household goods and other effects to the neighborhood where appellant lived, at or about the time of the arrest herein and according to State witnesses Beck, the sons had just walked up to the still before the officers came. On the day in question two State witnesses appeared at the place where said still was in operation. As they approached appellant went away, there being some little divergence in opinion as to his method and manner of living.

The State introduced in evidence a statement made by one of appellant's sons some little time after appellant had gone away from the still. This was objected to as being out of the presence of the appellant and in no way binding upon him. There is no proof in the record from which an acting together of appellant and his sons in the matter of the manufacture of liquor at the still in question, could be inferred. The statement attributed to the son was capable of injurious effect upon the minds of the jury. In our opinion the testimony was obnoxious to the rule forbidding the introduction of the statements of third parties made out of the presence and hearing of the accused and, therefore, not binding upon him.

Many of the bills of exception reserved by appellant are in question and answer form and for that reason can not be considered by us.

Appellant complains of the introduction of various statements made by witnesses for the State, upon re-direct examination, it being asserted on behalf of the defense that said answers were inadmissible as supporting prior consistent statements made by said witnesses. Inasmuch as this will not likely occur upon another trial we forbear any discussion.

Believing that the admission of the material statement of appellant's son not in his presence and hearing, was prejudicial error, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 11, 1924.

MORROW, Presiding Judge.—State's counsel challenges the correctness of the conclusion reached in the original opinion that there was no evidence to the effect that the appellant's sons were parties to the offense which justified the testimony that one of them, in the absence of the appellant, had made a declaration calculated to impress the jury with the belief that the son regarded his father guilty of the offense charged.

The evidence raised the issue upon which the case was tried, namely, that the appellant, George Cavenar, and the State's witness, R. K. Beck, were principals in the manufacture of intoxicating liquor. They were present when the still was discovered, and the court instructed the jury on the law of principals pertaining to them. The appellant denied his guilt, and the declaration of his son was not admissible upon any theory unless that of co-conspirators. The statement of facts is voluminous. Its analysis is not deemed practicable nor necessary. Suffice it to say that our re-examination of it leaves us of the opinion originally expressed, namely, that in receiving in evidence the declaration mentioned, there was prejudicial error committed.

The motion for rehearing is overruled.

*Overruled.*